# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:15-cv-2556-JGB (DTBx) | Date | February 22, 2016 |
| Title | *Jose Quijada v. Jackey Hester et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Minute Order REMANDING Action to California Superior Court for the County of San Bernardino (IN CHAMBERS)

## I.  BACKGROUND

On September 23, 2015, Plaintiff Jose Quijada ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Jackey Hester ("Defendant") and Does 1-10 in the California Superior Court for the County of San Bernardino.  (Not. Of Removal at 9, Doc. No. 1.)  On December 11, 2015, Defendant removed the action to this Court.  (Not. of Removal, Doc. No. 1.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. DISCUSSION

Defendant alleges that removal is proper pursuant to 28 U.S.C. § 1452(a), removal of claims related to bankruptcy cases, and that this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). (Not. of Removal at 3, Doc. No. 1.) However, this action is not a bankruptcy proceeding pursuant to 28 U.S.C. § 1334(b), and therefore cannot be removed pursuant to 28 U.S.C. § 1452. On the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. (Not. of Removal at 5, 9, Doc. No. 1.); see Lapeen, 2011 WL 2194117, *3 ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. 10-8203, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010).) Further, Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiff is entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit was served on Defendant as required by California Code of Civil Procedure § 1161a. Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977). Accordingly, due to the absence of a federal claim or substantial question of federal law, Defendant has not shown that the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("'[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")

### IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met her burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

For the foregoing reasons, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

**IT IS SO ORDERED.**